## HENRY RUHE *v.* SANTIAGO ABREN.

NEW TRIAL, NEWLY DISCOVERED EVIDENCE AS GROUND FOR.—In order to obtain a new trial on the ground of newly discovered evidence, a party must show that the failure to produce the evidence at the former trial was not owing to a want of due diligence on his part, and that, if produced, it would probably have changed the result.

EVIDENCE OF IDENTITY OF WATCH.—The testimony of witnesses who have examined and written down, or seen others write down, the number of a watch, is evidence of a more satisfactory character, and of a higher grade as to its identity, than that of witnesses who testify merely from the general appearance of the watch.

IDEM—TESTIMONY OF WATCHMAKER.—The testimony of a watchmaker who has repaired the watch and can identify the particular repairs made by him, is especially valuable in such a case.

PREPONDERANCE OF EVIDENCE AS GROUND FOR NEW TRIAL.—A new trial will be granted by an appellate court, where the evidence greatly preponderates against the verdict, and it appears that the merits of the case have not been fully and fairly tried, and that justice has not been done.

APPEAL from the district court of the first judicial district for Santa Fe county. The opinion states the case.

*Ashurst and Hopkins,* for the appellant.

*Hugh N. Smith,* for the appellee.

By Court, BROCCHUS, J.:

This was an action of replevin, by Henry Ruhe against Santiago Abren, for a gold watch and chain. The suit was commenced before a justice of the peace for the county of Santa Fe, and judgment having gone in favor of the defendant, the plaintiff appealed to the district court for the first judicial district, and the case was tried *de novo* before Chief Justice Deavenport with the same result. The plaintiff moved the court to set aside the verdict of the jury, and grant a new trial on the grounds that new testimony, material on his behalf, had been discovered since the trial, and that the verdict was contrary to the law and the evidence. Motion overruled.

In the trial of this cause, the plaintiff proved by James E. Sabine, that the watch in question was brought by him from St. Louis in the year 1852, and by him sold to D. Berry in the same year, and that he knew the watch by its

number, which was recorded in his invoice book.   He also proved, by Jules Jeanerett, that a man by the name of Wood afterwards paid the watch in litigation to him, as agent for Charles Spencer, for a debt which he owed the said Spencer; that he knew the watch well by its general appearance, as also from the fact that he had put some teeth in one of the cog-wheels thereof, which he offered to show by taking the watch apart, and that the same watch was put up in a raffle at the Exchange in the city of Santa Fe, about Christmas, in the year 1852, and that the same was won in the raffle by the plaintiff.

He also proved, by Wendell Debus, that he knew the watch in question then shown to him; that he had seen the plaintiff wearing it for some length of time after he had won it at the raffle; that a short time after the plaintiff won it, he tried to persuade him (the plaintiff) to make him (the witness) a present of it, saying that he might get drunk some time or other and lose it, or some one would steal it from him.   The plaintiff replied that he would take down the number of the watch, so that in case he should lose it, he could recover it by the number.   The plaintiff took from his pocket a memorandum book, and in the presence of him (the witness) put down the number of the watch by the side of the place where the number of his pistol was put down, and that the book shown him at the time of the trial was the book in which the number of the watch was registered, and that the number, 34,547, was the same as put down in the book, and also the number on the watch.

He also proved, by T. Bunker, that he knew the watch in question, and he had seen it in possession of the plaintiff for some time after the raffle; that plaintiff took down the number of the watch and put it in his memorandum-book in his presence, and that the book shown upon the trial was the same book, and the number 34,547, as there put down, was the same as that of the watch in litigation.

Other witnesses were examined on behalf of the plaintiff, the design of whose testimony was to show that the plaintiff lost a watch and chain some time in the year 1853, but

their testimony was of such a character as to entitle it to little, if any, importance.

The defendant introduced as a witness Jesus Maria Baca, who testified that he purchased the watch in question from an American, in El Paso, in December, 1852; that he had possession of the watch from that time until shortly before the commencement of this suit, when he gave the watch to defendant, Abren, having won another and finer watch in a raffle, and having promised the said Abren that if he should win it, he would give him the one he then wore, which was the one in controversy. He also testified that Abren was not interested with him in the raffle, and that he had no interest in the result of the suit. He further testified, that on one occasion, while he had the watch, he showed it to Ruhe, the plaintiff, and asked him what it was worth, and Ruhe did not make any claim of it as being his.

The defendant also proved, by Luis Alarid, that on one occasion he was present when Jesus Maria Baca showed the watch in question to Ruhe, the plaintiff, and Ruhe made no claim to the watch as being his.

Upon this testimony the case went to the jury, and they found for the defendant, whereupon the plaintiff moved for a new trial on the grounds of newly discovered evidence and the verdict being contrary to the law and the evidence. The plaintiff in support of his motion for a new trial, on the ground of newly discovered evidence, made an affidavit in which he alleges, that since the trial of the cause he has discovered testimony to show that Jesus Maria Baca, the principal witness for defendant on the trial of said cause, was legally interested in the result of the case tried; that he believes that he can prove by C. D. Scofield, Francisco Ortiz, and Weinheim, that the defendant and the witness Jesus Maria Baca were equally interested in the two watches, the one which was won by the said Baca in the raffle, and the watch sued for. The plaintiff then produced S. Weinheim and Francisco Ortiz, each of whom made affidavit that he heard the defendant Abren say, in the presence of Jesus Maria Baca, that he owned an interest in a watch which had been won by said Baca; that he and said Baca

had each paid five dollars for a chance in said raffle; that he the said Abren received the watch sued for as his part of the interest in the watch won by said Baca, and that Baca did not deny the statement made by Abren.

A party, in order to obtain a new trial on the ground of newly discovered evidence, must show that the testimony on which he relies has been discovered since the trial of the cause; that his failure to produce the same on the former trial was not owing to the want of due diligence; and that the newly discovered evidence would probably have produced a different result from that to which the jury came. In one of these prerequisites the showing of the plaintiff is fatally defective, for he makes no attempt to show that his failure to produce the newly discovered evidence on the trial of the cause, was not owing to a want of due diligence, and the court therefore, for that reason alone, in pursuance of a sound and well-established rule of practice, would have been free from error in overruling the motion for a new trial on the ground of newly discovered evidence.

The rule in regard to granting new trials in cases of a preponderance of evidence against the verdict is, that a mere or slight preponderance against the finding of the jury will not be sufficient to set the verdict aside. The weight of evidence must be clearly and palpably contrary to the verdict, and a new trial will only be granted where it is manifest to a reasonable certainty that justice has not been done.

In this case the defendant relied principally upon the testimony of Jesus Maria Baca, who testified that he purchased the watch in litigation, in El Paso, in December, 1852, about two years before the commencement of this suit; that he had possession thereof until a short time previous to the institution of this suit, and that he gave the same to Abren, the defendant. This witness does not identify the watch by any peculiar or special marks, signs, or characteristics, and the reasonable presumption is that his identification was influenced solely by the general appearance thereof. A watch is an article which is very difficult of identification when its general appearance alone is

relied upon, and when there are no peculiar marks or characteristics to guide the eye and control the mind in the recognition. So numerous are the watches of the same metal, the same mold, the same workmanship, the same movement, size, and general exterior, that a reliance for identification or recognition upon the contour or external appearance of such articles must be regarded as very uncertain and precarious. In this case the witness might have felt fully assured that the watch in question was the one which he purchased, which he wore for some time or had in his possession for about two years, and which he gave to Abren; and yet, as he seems to have relied upon the general appearance for his recognition thereof after it had passed from his possession, it is not impossible, or even improbable, that he might have been mistaken as to its identity. The testimony of the witnesses for the plaintiff leaves no doubt upon the mind of a majority of this court, that he was in error.

Wendell Debus testifies that he knew the watch well, and that he had seen the plaintiff wearing it for some length of time; that the plaintiff, in his presence, took down the number of the watch in a memorandum book; that the book shown to him on the trial was the one in which the number of the watch was registered; that the number 34,547 was the same put down in the book, and also the number on the watch.

The testimony of T. Bunker was identical with that of Debus. Both of these witnesses identify the watch as the one belonging to the plaintiff, not only by the imperfect and precarious test of its general appearance, but also by a particular mark which the article bore, the number thereof, and that number was testified to in such manner as to leave no doubt that the number as proved was correct, for the witnesses had both seen the plaintiff write it down in a memorandum book and had compared the number there written down with the number which the watch bore.

But the most important testimony adduced in the trial on behalf of the plaintiff was that of Jules Jeanerett. That witness testified that he knew the watch well by its general appearance, and from the fact that he had put some teeth

into one of the cog-wheels, and the same watch was put up in a raffle and won by Henry Ruhe at the Exchange in the city of Santa Fe in the year 1852. Such was the testimony of a witness, whose business seems to have been that of a watchmaker or repairer, going to identify the watch as the one belonging to the plaintiff, not only by its general appearance, but also by some teeth which he had put into one of the cog-wheels, and which he proposed to show by taking it apart in the presence of the jury. The test of identity which this witness proposed, and which seems to have been declined always by the defendant, was one of the best modes of identification that could have been adopted, for a repair such as the witness testified to having done on a delicate portion of the machinery of the watch would be recognized by the artisan by whom it was done, with a degree of confidence and certainty which could not be attained in a recognition from mere general appearance. It was a specific and striking mark of identity, and should have far outweighed with the jury an identification by the familiarity which the eye had acquired from looking at the watch, without any specific mark to fix the identity.

The witnesses for the defendant, Jesus Maria Baca and Luis Alarid, testified that the watch in question was shown by Baca to the plaintiff, and that the plaintiff made no claim of it as, being his property. This testimony serves no purpose but to confirm the proposition herein laid down, that the general appearance of a watch is but a precarious and unreliable medium of recognition or identification. The witness does not testify that the plaintiff made an examination of the watch when it was shown to him. It does not appear that he looked at the number of the watch. It is to be presumed that the witnesses, testifying without any apparent reluctance, would have stated that the plaintiff gave the watch a careful examination when it was shown to him, if such had been the case, and that the defendant would have obtained such testimony from his witnesses, if they could have testified to that effect. The failure of the plaintiff to recognize the watch as his property, by its general appearance, seems to us but reasonable, and favors

the rule which we have applied to the testimony of Baca, and by which we discern the uncertainty and infirmity of his evidence in the identification of the watch.

In illustration of the view we have taken of the uncertainty and precariousness of the identification of a watch by its general appearance, without a resort to special marks or signs, the plaintiff failed to recognize the watch as belonging to him by its superficial general appearance. But when he came to ascertain the number, that designation, together with its general appearance, enabled him to identify and claim it as his property. If Baca had stated in his testimony that he retained the watch in his possession from the time at which he alleges having purchased the same, up to the period at which he testified, then his testimony would have been of a very different character, and would have borne more strongly upon the issue; for then the jury, without an impeachment of his veracity in the face of the testimony adduced on the adverse side, would have been brought irresistibly to the conclusion, that the watch in question was not the property of the plaintiff. But such was not the certain character of Baca's testimony. He testifies that the watch was in his possession for a considerable length of time, that it passed from him to the defendant, and when he saw it on the trial he testified that it was the same watch that he purchased and gave to the defendant. His testimony, therefore, becomes that of identity, and is liable to be refuted by stronger testimony, going to prove the identity of the watch as the one which belonged to the plaintiff, and not the one which he gave to the defendant.

We are well aware that it is the peculiar province of the jury in case of a conflict of evidence of an equal grade and dignity to weigh the evidence and find the truth of the contested fact. But the testimony of any one of the three witnesses who testifies to the identity of the watch as the one which belonged to the plaintiff must be regarded as of a higher grade than that of Baca, inasmuch as they testified by certain marks which the watch bore in addition to its general appearance, while he mentions no characteristics

and assigns no specific reasons for his identification. The testimony of Jeanerett, by virtue of his occupation and the facts, is eminently of a higher grade than that of Baca. He appeared before the jury as an artisan whose business was to work upon watches, and as such testified that he had done certain repairs to the movement of the watch, by which he recognized it as one which belonged to the plaintiff, and which he had seen at the raffle. His testimony, together with that of Debus and Bunker, shows such a preponderance against the verdict as to convince us that the merits of the case were not fully and fairly tried in the court below.

This court will not disturb a verdict upon a refusal to grant a new trial where the evidence slightly preponderates against the verdict, or where there is such a conflict or counterpoise as merely to raise a doubt whether justice has been done. But it is a sound rule, and recognized by the best authorities, that a new trial will be granted where the weight of evidence is clearly in favor of the applicant, and it appears that justice has not been done, to induce the granting of new trial by an appellate court. There should be strong probable grounds to believe that the merits of the case were not fully and fairly tried and that injustice has been done. Such seems to have been the principle maintained by the general current of authorities upon this subject, and the testimony in this case, as it appears upon the records, brings this cause clearly within the scope of that principle. We are of the opinion that the court below erred in refusing a new trial, and therefore reverse its judgment and recommend the cause to be tried again.

Ordered:

This cause came on to be heard on the transcript of the record of the district court for the county of Santa Fe in the first judicial district, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged that the judgment of the said district court be reversed, and that this cause be, and the same is hereby remanded to the district court, with directions to award a *venire facias de novo.*