[No. 623.    October 10, 1895.]

# UNITED STATES OF AMERICA, APPELLEES, v. ALBERTO BIENA, APPELLANT.

CRIMINAL LAW—SELLING LIQUOR TO INDIANS—NEW TRIAL.—Where, on a conviction of defendant for selling liquor to Indians, a witness for the prosecution, who had testified that he had seen defendant sell whisky to an Indian, confessed that he had sworn falsely, but there were two other witnesses who testified to defendant's guilt, a new trial was properly refused.

ID.—NEWLY DISCOVERED EVIDENCE—IMPEACHMENT OF VERDICT BY JUROR —NEW TRIAL.—An affidavit by a juror, that some of the jurors had stated during their deliberations that a witness, who afterward confessed to perjury, was reliable, and that defendant was convicted on such statements, was no ground for new trial, where there was nothing to show that any of the jurors based their verdict solely on the testimony of such witness, or that such statements caused any of them to change their votes from acquittal to guilty, and there was other testimony to facts sufficient to establish defendant's guilt.

ID.—NEW TRIAL—JUDICIAL DISCRETION.—The granting or refusing of a new trial rests in the sound discretion of the trial court, and will not be reversed on appeal, unless it clearly appears that such discretion has been grossly abused.

APPEAL from a judgment of the Second Judicial District Court, convicting defendant of selling liquor to Indians. Affirmed.

The facts are stated in the opinion of the court.

BERNARD S. RODEY for appellant.

J. B. H. HEMINGWAY, district attorney, for the United States.

LAUGHLIN, J.—The appellant was indicted by the United States grand jury for the Second judicial district, at the March, 1894, term of said court, on the charge of selling liquor to Indians under charge of an

Indian agent of the United States, and was tried and convicted at the March, 1895, term of said court, and sentenced to imprisonment in the New Mexico penitentiary for the term of one year, and to pay a fine of $1 and costs. The appellant moved for a new trial, and his motion was argued three times, and was passed upon and denied by both Judge HAMILTON and Judge COLLIER, and from their rulings the cause is here on appeal.

The appellant assigned as the eighth ground of error for a new trial, and upon which this court is urged to reverse the court below, as follows, viz., ''Because one of the principal witnesses for the prosecution * * * has, since the trial, confessed his perjury before a United States commissioner, and that, according to the affidavit of one of the jurors, his was the testimony relied on for conviction.'' The record discloses that one Jose Antonio Lobato was a material witness for the prosecution, and that after the trial and conviction, and pending the motion for a new trial, he went before a United States court commissioner and stated that the testimony he had given on the trial against the appellant was false, and that he had never seen appellant sell liquor to Indians at any time, and on his confession he was at the same term of court indicted for perjury, and was taken before the court, and again confessed, and was by the court sentenced to imprisonment in the New Mexico penitentiary for the term of two years.

Appellant filed in support of his motion for a new trial on the ground of newly discovered evidence an affidavit of one G. L. Altheimer, who was one of the jurors who returned a verdict of guilty, in which said Altheimer swore that some members of the jury made a statement during their deliberations to the effect that said Lobato was a truthful and reliable witness, and, upon such statement being made, several of the other

SELLING liquor to Indians: new trial.

jurors changed their votes from acquittal to conviction, and that said Lobato's testimony was much relied on by some of the members of the jury; but that he, said Altheimer, did not regard said Lobato as a truthful witness, and did not rely on the statements made by others of the jurors as to the truthfulness of said Lobato, and that he voted for conviction, rather than remain in the jury room longer, or during the night, as he claimed he was not well at that time, and that he so voted for conviction on the theory that the majority might be right.    Counsel for appellee admits that the subsequent confession of perjury by said Lobato, followed by his conviction and sentence, destroyed completely his testimony, and that it should be eliminated from the record; but he contends that if sufficient legal testimony remains in the record, given by other competent witnesses, to sustain a verdict, the judgment should be affirmed.    This proposition is admitted by counsel for appellant.    This leaves for determination by this court the fact whether or not there is in the record sufficient legal evidence to sustain the verdict after the elimination of all of said Lobato's testimony, and the further consideration of the admissibility and effect of said Altheimer's affidavit.    Lobato testified that he saw appellant deliver whisky to a Navajo Indian on the eighteenth day of February, 1894, at La Posta, in Bernalillo county; but this testimony is eliminated, and is here given for the purpose of distinguishing it from the other dates testified to by other witnesses.    Witness Vicente Torres testifies positively that he saw appellant deliver a keg and bottle to Indians between 6 and 7 o'clock on the twenty-third day of December, 1893, at La Posta, his place of business; and that the keg and bottle were filled from a barrel in which appellant kept whisky; and that he (witness) had drank whisky drawn from the same barrel.    This testimony was substantially corroborated by witness Meliton Cordova.    Another witness for the prosecution

—Gaudalupe Jaramillo—testified positively that he went to the store of appellant to purchase a bag of flour some time during the year of 1893, and that he saw appellant deliver a gallon of whisky to two Navajo Indians; but he did not give the date in that year, and his testimony is not corroborated by any other witness. Here are two separate and distinct offenses established by legal evidence, either of which would be sufficient to support a verdict; and Lobato's testimony, even if believed by the jury, established a third offense, and was only cumulative evidence—that is, it is evidence of the same kind, and to the same point, except as to date,—but it goes to establish a conviction on the same charge. It is a well settled principle of law that a new trial will not be granted on the ground of newly discovered evidence where it appears that such newly discovered evidence is only cumulative (Territory v. Yarberry, 2 N. M. 391), and not then until it shall be made to appear that, if a new trial should be granted, the newly discovered evidence would probably produce a different result on the new trial from that arrived at on the first trial (Ruhe v. Abren, 1 N. M. 247; 16 Am. and Eng. Ency. of Law, 575; Lamy v. Remuson, 2 N. M. 245). It is perfectly clear from the record in this case that if a new trial should be granted, and the same evidence, after excluding that of Lobato, were placed before a jury, it would be amply sufficient to justify a verdict of guilty; and courts never grant a new trial where it is apparent from the record that the result would probably be the same.

The next question for consideration is the conduct of the jury as set out in Altheimer's affidavit, and its effect in impeaching the verdict of the jury of which he was a member. The general rule is that testimony of jurors can not be received to impeach their own verdict, but there are exceptions to the rule. Mattox v. U. S., 13 Sup. Ct. 50, and cases there cited. But

NEWLY discovered evidence: impeachment of verdict by juror: new trial.

in Altheimer's affidavit there is nothing to show that any of the jurors based their verdict solely on the testimony of Lobato, or that the statement made by some of them to the effect that they knew him personally, and that he was a truthful and reliable person, caused any of them to change their votes from acquittal to guilty; and to warrant a reversal on this ground it must plainly appear from the affidavit that the statements made by the jurors had at least some influence on those of the jury who had previously favored acquittal, and caused them to change their votes for conviction.    It is true that the affidavit says that "by virtue of such statements several of said jurors at once changed their votes from being in favor of defendant to a vote for his conviction" but this is a mere declaration on the part of the affiant, prepared, no doubt, for him to sign and swear to, and does not carry with it such weight as to lead to the conclusion that such statements did have the effect to change the minds of the jurors.    Altheimer says the statements had no influence over his mind, and he does not show how the statements had any influence on the minds of other jurors, and it is not shown in the affidavit that any of the jurors disbelieved any of the other witnesses who had testified to other material and distinct issues in the case.    If it was error in admitting the affidavit in support of the motion for a new trial, it was in favor of, and not against, the interest of appellant, and this error assigned is unavailing.

Courts should look upon affidavits of jurors seeking to impeach their own verdicts with much suspicion, and admit them with great caution.    After trial and conviction it is not usually very difficult to obtain an affidavit from some of the jurors to some misconduct on the part of some of the other jurors, or some technical defect in their deliberations; and if appellate courts were to grant new trials on such affidavits, unless it is made to appear plainly that substantial

justice had not been done, there would be few convictions, and in numerous instances crime would go unwhipped of justice. It would be an abuse of time, and a dangerous precedent, to encourage jurors in filing affidavits to impeach their own solemn verdicts, and in many instances it would render the proceedings in trial courts a mere farce.

Strong efforts were made and an unusual quantity of energy expended in this case on the part of the appellant to impeach the witnesses for the prosecution, as to their truth and veracity, and to break down and destroy their testimony before the jury, all of which efforts seem to have failed, as is generally the case in such instances, for it will not be presumed that the jury believed Lobato, and did not believe all the other witnesses who testified for the prosecution positively to separate and distinct facts. The proofs show that appellant did keep and sell liquors, and that he sold and delivered liquors in small kegs and bottles to his customers, and that Navajo Indians were frequently seen drinking and drunk in the immediate vicinity of his place of business, and these were simply corroborative circumstances in support of the other facts testified to by the witnesses; and under our system the jury are the sole judges of the credibility of the witnesses and the weight to be given their testimony, and where they pass on disputed facts their verdict will not be disturbed, unless it shall be made to appear affirmatively that their verdict is contrary to the weight of the material facts and weight of the preponderating circumstances established in the case.

This case was tried before one district judge who heard and denied the motion for a new trial, and afterward the motion was renewed, argued, and denied, and again he granted a reargument and denied

NEW trial: judicial discretion.

it the second time; and both of these judges are well known for the fairness of their decisions and the impartiality of their rulings as

trial judges, and an appellate court should give due consideration to such facts when they appear in the record. A trial judge is frequently called upon to rule on matters and material facts which he sees transacted before him, and of which he must take notice as substantial things in the case, but do not and can not become a part of the record, and which the appellate court can have no knowledge of; and an appellate court should labor to affirm the findings of the jury when it shall appear from the whole record that the trial court proceeded in the regular and orderly manner prescribed by law, and that the result arrived at by the jury was fair and substantial justice to all parties concerned. The granting or refusing a new trial is a matter resting in the sound discretion of the trial judge to whom it is addressed, and it is not reversible unless it shall plainly appear that such discretion has been grossly abused; and that does not here appear. Territory v. Romero, 2 N. M. 474; Archeibeque v. Miera, 1 N. M. 160; Territory v. Webb, Id. 160; Coleman v. Bell, 4 N. M. 21, and cases there cited.

Many other grounds of error are assigned, but they are not well taken, and not pertinent to this case; and there being no fatal errors appearing from the record, the judgment of the lower court is affirmed.

SMITH, C. J., and BANTZ, J., concur.