282 P.2d 708

**Joe MITCHELL, Appellant,**

v.

**Claude R. FORSTER, Appellee.**

**No. 5850.**

Supreme Court of New Mexico.

April 7, 1955.

Rehearing Denied May 4, 1955.

C. R. Brice, Thomas B. Forbis, Roswell, for appellant.

Frazier, Cusack & Snead, Roswell, for appellee.

SADLER, Justice.

The question for decision is whether following a jury verdict for defendant, the trial court abused its discretion in denying plaintiff's motion for a new trial on the ground of a newly discovered eye witness to the automobile collision in which plaintiff suffered the injuries and loss made the basis of his action for damages.

The plaintiff's evidence disclosed he was traveling north on Main Street in the city of Roswell around six o'clock the morning of June 28, 1952. As he approached the in-

tersection of Main and First Streets, he reduced his speed substantially to catch a change in the lights without coming to a complete stop. Upon the shift of the lights from red to green, he gathered speed slightly and was more than half way across the intersection when, without warning of any kind his car was struck with great force by defendant's pick-up truck traveling at excessive speed attempting to cross the intersection from the west. The pick-up hit plaintiff's car on the right side, just in front of the right door, and hurled him and his car in a westerly direction. He suffered severe bodily injuries and great damage to his car.

The defendant's story of the collision differed materially from that of the plaintiff. According to him, he was proceeding in a westerly direction along First Street at about 20 miles per hour and did not even see plaintiff until the two cars collided by the plaintiff's car striking the defendant's pick-up on the left side, the front fender, the force of the impact being on the cowl and left front door. Certain pictures were introduced in evidence showing damage to the front of plaintiff's car on the right side. The parties involved were themselves the only witnesses to the collision who testified and neither of them saw the other until the collision actually took place, except that plaintiff had seen defendant turn into First from Virginia and head west, a block away, just as the lights changed.

There were two other witnesses at the trial whose testimony threw some light on the collision. One was for the plaintiff, a garage mechanic, B. B. Dement, who had worked on plaintiff's car and described its condition following the collision. The other was Police Officer Corzine, a witness for defendant who was called to the scene of the accident to investigate same and arrived there shortly after it occurred. Since neither of them actually saw the collision their testimony could, of course, throw light upon it circumstantially only. Witness Dement made the repairs to both vehicles and testified that the plaintiff's car was heavily damaged in front, slightly damaged at the right front door and heavily damaged at the right rear. He testified, further, that defendant's pick-up suffered damage necessitating repairs to the left front fender, cowl panel, and left front door, with no damage to the grille or bumper.

Officer Corzine testified upon the first trial that he did not recall whether the traffic lights were on or off when he arrived at scene of the accident but that according to his best recollection they were on. At the second trial he said he had no independent recollection at the time whether they were on or off but according to his report they were off, that is, being manually controlled rather than automatic, that they had not yet been turned on at so early an hour in the morning.

The motion to set aside verdict and for new trial was based wholly upon the ground of this newly discovered evidence and was supported by the affidavits of plaintiff and the newly found witness, D. A. Calderon of Roswell, New Mexico. The latter's affidavit reads, as follows:

"D. A. Calderon, first being duly sworn upon his oath, states:

"That I live at 414 East Bland Street, Roswell, New Mexico, and have lived in Roswell since 1901, and am a practicing attorney of law and have been since 1918; that on the 28th day of June, 1952, I left my house about 6 o'clock in the morning, and about 6:15 to 6:20 I was at the Southeast corner of the intersection of Main and First Streets in Roswell; a car was going North on the East side of Main Street, the light was green on Main Street and red on First Street. I started to cross First Street from the South, going North when a pickup truck dashed in front of me on the North side of First Street going West, and hit the car which was going North on Main Street, he hit this car somewhere between the front door and the front wheel on the right side and turned him around toward the West, and in that turn both cars hit each other in the back and kept on going west. It appeared to me, from where I was, that they had another impact in front and the car was turned so that it was facing in a Northwesterly direction. The pickup truck was turned so that it was facing in a Northwesterly direction. The pickup truck was turned to the North and struck the curbing on the west side of Main Street, North of the intersection, and bounced back several feet into the street. The car going North was several feet North of the intersection when the first impact occurred. I later learned that the car going North was driven by Joe Mitchell. I judge the pickup truck was going at a rate of speed exceeding thirty miles per hour.

"I did not know that any action had arisen because of this collision, and did not know that Joe Mitchell had sued for damages, and if I had known I would have been willing to testify to the above facts.

/s/ D. A. Calderon"

It is followed by the verification, under the hand and seal of the notary public, before whom it was subscribed and sworn to. A response to the plaintiff's motion was filed by defendant putting its allegations at issue and, following a hearing, the trial court denied the motion, both by formal order filed in the case and by announcement in open court in which the trial judge stated:

"The Court:—(after argument and discussion)

"It is my judgment after having two jury trials in this case that if I should grant a new trial it would be reversible error. In other words, that would be three instances where you submit a question of fact to the jury; it gives one of the parties three chances to win a case, and I am of the opinion that the Supreme Court would say it is contradictory and speculative and if we should try this case over and Mr. Mitchell get a verdict * * * if I had been trying the facts in this case the outcome might have been different because I have felt like the light was green when Mr. Mitchell went into the intersection, but the jury do not believe that. The Motion for New Trial will be denied.

Mr. Buchly:—To which Plaintiff excepts."

■ Our problem is to decide whether the trial judge abused his discretion in denying plaintiff's motion to set aside the verdict and grant him a new trial. We have given the matter painstaking consideration and are unable to say the trial judge went beyond the boundaries of the broad field of discretion enjoyed by him in ruling as he did. The decisive issue on trial was which of the parties, if either, was at fault in the collision which took place at the time and place charged. A determination of that question was to be resolved in large measure by ascertaining which of the two parties had the right of way to cross the intersection of Main and First Streets. The intersection had traffic lights, manually controlled, and customarily placed in operation about 6 a. m., each day.

The plaintiff said they had been turned on and were in the act of changing as he approached the intersection from the south, going north. The defendant testified just as positively that the lights had not yet been put in operation as he swung into Virginia Street and headed west toward First. Plaintiff admitted having observed defendant's car enter First Street from Virginia and turn west on First but denied ever having seen defendant's car, or being conscious of his presence in the vicinity, until the two cars collided.

Officer Corzine, though not present at time of the accident, visited the scene very soon thereafter to investigate and took measurements. According to him, the two cars collided two paces east of center line of Main and two paces north of center line of First Street. He also found skid marks from plaintiff's car for a distance of about three paces leading up to the scene of the accident. He gave it as his best recollection, at first trial, that the lights were on, that is had been manually placed in operation for the day, when he visited scene of the accident within five minutes after it occurred. At the second trial, testifying from

his recollection, as refreshed by written notes in his report of the accident, he testified the lights had not been turned on at police headquarters.

Now comes an absent witness, a newly found witness, and states in an affidavit attached to the motion that he witnessed the accident and that the lights were in operation and showed "green," the "go ahead" signal, in the direction of plaintiff's travel. In addition, he described defendant's car as proceeding at an excessive speed. It should be added that the position of the cars following the collision, both headed west, or in a westerly direction, tended to support plaintiff's theory that the greater force was expended in the impact by defendant's car.

Barring some recitals in the motion and affidavit of the newly discovered witness of how the two cars, after the initial impact, swung around and had a second collision in which the rear of the two cars crashed into each other, inflicting substantial damage on that section of plaintiff's car, there is nothing in the affidavit that did not corroborate either the plaintiff's version of the crash or that of .defendant and, hence, took on character as cumulative evidence, which either supported.plaintiff's testimony or tended to impeach or contradict other testimony against him.

Under such circumstances, it was well within a proper exercise of the discretion of the trial judge to rule as he did in denying the motion. United States v. Biena, 8 N.M. 99, 42 P. 70; Territory v. Claypool, 11 N.M. 568, 71 P. 463; Hancock v. Beasley, 14 N.M. 239, 91 P. 735; State v. Padilla, 18 N.M. 573, 139 P. 143; State v. Gonzales, 19 N.M. 467, 144 P. 1144; State v. Graves, 21 N.M. 556, 157 P. 160; Clark v. Queen Ins. Co., 22 N.M. 368, 163 P. 371; State v. Luttrell, 28 N.M. 393, 212 P. 739, 741.

In State v. Luttrell, supra, we set out the conditions which must be met in order to secure a new trial on the ground of newly discovered evidence. We said:

"The requirements necessary to obtain a new trial upon the ground of newly discovered evidence have been many times declared to be: (1) It must be such as will probably change the result if a new trial is granted; (2) it must have been discovered since the trial; (3) it must be such as could not have been discovered before the trial by the exercise of due diligence; (4) it must be material to the issue; (5) it must not be merely cumulative to the former evidence; (6) it must not be merely impeaching or contradictory to the former evidence."

The language with which we closed our discussion of the subject in the Luttrell case seems peculiarly applicable to the affidavit here relied upon. It is this:

"We have carefully examined the affidavit in connection with the testimony submitted upon the trial, and the most that can be said in behalf of this newly discovered evidence is that it is cumulative of the evidence given by the appellant, and is in some degree contradictory to the evidence given by certain other witnesses upon the trial. It does not therefore meet the fifth nor sixth requirement, and hence no error was committed in denying the motion for a new trial."

We are unable now, of course, to visualize the train of thought passing through the mind of the trial judge as he ruled on this motion. Perhaps, he viewed the newly discovered evidence as merely cumulative. Even if not so considered, he may have doubted whether testimony of the newly discovered witness, if employed at a third trial, was of a character likely to change the result.

He was not unmindful, as indicated by his comment in ruling on the motion that, already, he had set aside one verdict for defendant, following the first trial, for alleged misconduct of a juror. Now, he was called upon to set aside the second verdict in defendant's favor. So whatever the reasons motivating him, in so far as we may fairly deem supposed grounds likely, the trial judge acted well within his discretion in denying the motion and we can not say

he acted unreasonably or arbitrarily in so doing.

The judgment being free from error, it must be affirmed.

It Is So Ordered.

COMPTON, C. J., and LUJAN and KIKER, JJ., concur.

McGHEE, J., did not participate.