294 P.2d 278

Carlos SANDOVAL and Procopio Sandoval, Plaintiffs-Appellees,

v.

Roman SANDOVAL, Defendant-Appellant.

No. 5881.

Supreme Court of New Mexico.

Feb. 16, 1956.

Rehearing Denied March 15, 1956.

Simms & Modrall, Vance Mauney, Albuquerque, for appellant.

Filo M. Sedillo, Belen, R. F. Deacon Arledge, Albuquerque, for appellees.

COMPTON, Chief Justice.

Appellees brought this action to partition real estate, and from an adverse judgment, appellant appeals. The denial of a motion for a new trial on the grounds of newly discovered evidence, is also assigned as error.

We will first dispose of the claim of error allegedly inhering in the judgment. The report of the commissioners was contested below and it is made the basis of multiple attacks on appeal. It is first con-

tended that the report should have been rejected because of the inequality in the division, and that allowances were not given for expenditures made by appellant in improving the premises. In this respect, the report of the commissioners is presumptively correct and their action should not be set aside on the grounds of unequal allotment except in extreme cases, as where made on wrong principle or where partition is grossly unequal. Mitchell v. Cline, 84 Cal. 409, 24 P. 164; Bergman v. Rhodes, 334 Ill. 137, 165 N.E. 598, 65 A.L.R. 344; Cooper v. Long, 115 Okl. 286, 244 P. 167, 46 A.L.R. 343; Wilkerson v. Wilkerson, 169 Okl. 232, 36 P.2d 935. There is no evidence that would bring the report within the exception.

The parties are brothers and were the owners as tenants in common of the premises involved, appellant being the owner of an undivided ⁷⁰⁄₈₈ interest and appellees being the owners of an undivided ⁹⁄₈₈ interest each therein. The premises consisted of a house and lot in Grants, a seven room house of an estimated value of $7,000 in San Mateo, several small tracts of land, and about seven sections of deeded land. On the strength of all the deeded land appellant had acquired Taylor Grazing and Forest Permits exceeding fifteen sections, which land had been used by the parties jointly, appellees running some 80 head of cattle and appellant running 50 head of cattle and 700 head of sheep thereon. In making the division, the commissioners allotted appellees jointly 1120 acres of deeded land as their share, and the remaining real estate was allotted to appellant. The retention of the permits by appellant, no doubt, was a matter of consideration in making the partition.

■■ The point is made that the decision of the commissioners was influenced by the conduct of appellees. Unquestionably, when the conduct of an interested party influences the acts of the commissioners, the reports should be rejected, Griffin v. Tomlinson, 155 Va. 150, 154 S.E. 483. But we fail to see any prejudicial conduct. The record merely discloses that appellees accompanied two of the commissioners as they went over the premises and in some instances identified the land jointly owned by the parties.

■■ Another ground of attack is that the commissioners did not personally inspect the premises following their selection with a view to ascertain respective values as provided by § 22–13–6, 1953 Comp. The evidence discloses that subsequent to their selection, two of the commissioners went upon the premises and personally inspected most, if not all of the land, while one commissioner did not actually go upon the premises before signing the report. We conclude, however, that a report by a majority of the commissioners, is sufficient compliance with the statute. Masten v. Masten, Tex.Civ.App., 166 S.W.2d 347. Moreover, the provision that the "commissioners shall go upon the premises and make partition of said lands", is directory

only. The statute requires nothing more than that the commissioners fully acquaint themselves with and acquire first hand knowledge of the value of the premises before making partition. In this case the commissioners were long time residents of the area and testified that they had personal knowledge of the land, the residential properties and their respective values. This was sufficient even if none of the commissioners had actually gone upon the land subsequent to their selection.

The further point is made that the premises could not be partitioned in kind without manifest injury. The basis of this claim of error is that the premises contained valuable minerals. Ordinarily, lands containing known minerals are not susceptible of a fair division by metes and bounds, Sheffield Coal & Iron Co. v. Alabama Fuel & Iron Co., 185 Ala. 50, 64 So. 67; Musgrove v. Aldridge, 205 Ala. 189, 87 So. 803; Napier v. Napier, 233 Ky. 304, 25 S.W.2d 735; Tuggle v. Davis, 292 Ky. 27, 165 S.W.2d 844, 143 A.L.R. 1092, however, we must hold against appellant on this point as there was no proof whatever that the land contained minerals.

Appellant tendered many findings of fact applicable to his theory of the case, the refusal of which is assigned as error. The findings made by the court are supported by substantial evidence and the refusal to find to the contrary was not error. Guzman v. Avila, 58 N.M. 43, 265 P.2d 363.

We find the judgment free of error and now turn to a consideration of the asserted error in denying the motion for a new trial. The trial was had on June 7, 1954, and the judgment was entered August 8, 1954. Subsequently, on March 24, 1955, while the appeal was pending in this court, appellant invoked the provisions of § 21-1-1(60) (b), 1953 Comp., Rule 60(b), our Rules of Civil Procedure and moved for a new trial, claiming newly discovered evidence. The applicable portion of the rule reads:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: * * * (2) newly-discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); * * *. The motion shall be made within a reasonable time, and * * * not more than one (1) year after the judgment * * * was entered or taken. * * *"

We withheld our decision pending a disposition of the motion by the trial court. A hearing was had thereon and the action of the court in denying the motion is assigned as error.

To warrant the granting of a new trial, it must appear that the testimony relied on has been discovered since the trial and that failure to produce it was not due to lack of due diligence. Mitchell v. Forster, 59 N.M. 226, 282 P.2d 708; Ruhe v.

Abren, 1 N.M. 247; English v. Mattson, 5 Cir., 214 F.2d 406. Supporting the motion and made part of it is an affidavit by one E. V. Reinhart, a geologist, indicating the presence of uranium on a portion of the premises. Also, there were letters from a law firm of Junction, Colorado, suggesting that due to mineral deposits, the premises had a potential value of some $200,000. However, at the hearing on the motion, it developed that this potential value had dribbled to around $20,000. That the lands contained minerals, is purely speculative. In any event the matter raised by the motion was not newly discovered. The possibility that the land contained uranium, was before the court at the trial on the merits. There was evidence that prospectors were then very active in the area. Actually, the proof shows that there were six or seven exploratory mines operating in close proximity to the land involved, notice of which the parties could not escape.

In Mitchell v. Forster, supra, we restated the test required to obtain a new trial on the grounds of newly discovered evidence in the following language [59 N.M. 226, 282 P.2d 712]:

"'(1) It must be such as will probably change the result if a new trial is granted; (2) it must have been discovered since the trial; (3) it must be such as could not have been discovered before the trial by the exercise of due diligence; (4) it must be material to the issue; (5) it must not be merely cumulative to the former evidence; (6) it must not be merely impeaching or contradictory to the former evidence.'"

A motion for rehearing is addressed to the sound discretion of the trial court and we conclude there was no abuse of discretion shown in denying the motion.

Incidentally, since the oral arguments on submission, appellant again has moved that a decision on the merits be withheld pending presentation of matters allegedly affecting the title to a part of the premises involved. We granted a hearing on the motion and concluded that the matters raised do not present a substantial issue.

The judgment will be affirmed, and it is so ordered.

LUJAN, SADLER, McGHEE, and KIKER, JJ., concur.