352 P.2d 649

John LATTA, d/b/a A & L Drilling Company, Plaintiff-Appellee,

v.

Buck HARVEY, Dick Bokum and Jack Garrett, Defendants-Appellants.

No. 6556.

Supreme Court of New Mexico.

May 25, 1960.

Lyle E. Teutsch, Jr., Thomas A. Donnelly, Santa Fe, for appellants.

74

Chavez & Cowper, Belen, for appellee.

CARMODY, Justice.

Motion for rehearing having been filed, we have reached the conclusion that the former opinion entered in this case should be withdrawn and that the following should be substituted therefor.

Opinion

Defendant Bokum appeals from a judgment against him on a suit for the value of drilling work and for the furnishing of standby equipment and services.

Two questions are raised by the appellant, (1) failure of appellee to comply with the contractors' licensing statute, and (2) refusal of the trial court to reopen the case for further testimony.

Latta was hired by Bokum's agent and codefendant, Garrett, to do work on a water well on the Harvey ranch. This work was not successful, so the parties agreed that Latta would drill a second hole. After this, at Bokum's request, Latta did additional work on the first well. Thereafter, Latta moved his equipment to Grants to await orders for core drilling work for Bokum.

Appellee did not plead or prove that he held a contractor's license, but the trial court made certain findings and conclusions as to the relationship between Latta and Bokum. The pertinent findings as to this are:

"4. That Jack Garrett was at all material times herein an employee of the Defendant, Dick Bokum, and that the business of said defendant and counter-claimant, is and at all material times was, the exploration and development of properties for uranium."

"6. That on or about July 28, 1956 plaintiff and defendant entered into an oral agreement, whereby plaintiff was to clean out and deepen an existing well in Torrance County, New Mexico."

"7. That the defendant agreed to pay plaintiff at the rate of $15.00 per hour for such work, and in addition, to pay the costs of moving plaintiff's equipment from Grants, New Mexico, to the site of the well."

"9. That defendant instructed plaintiff to acidize said well, which plaintiff did, at a cost of $475.00 for acid and expenses from the well site to Farmington and Hobbs, and $400.00 for the use of plaintiff's equipment."

"10. That during the month of August, 1956, defendant employed plaintiff to perform drilling subject to directions and supervision of the defendant and his employees at an agreed rate of $2.00 per foot."

"12. That on or about the 31st day of August, 1956, Jack Garrett, acting as agent for and in behalf of defendant

employed plaintiff to perform drilling work subject to the direction and supervision of defendant and his employees at or near Grants, New Mexico, and further instructed plantiff to acquire an air compressor to be used in such work."

"14. That at the direction of Jack Garrett, acting in behalf of defendant, plaintiff held a drilling crew and rig ready to work for a period of 5 days."

And the court also entered its conclusion of law, as follows:

"2. That plaintiff was at all material times hereto the servant and employee of defendant."

■ These findings are not directly attacked. Therefore, they become the facts in this court. Arias v. Springer, 1938, 42 N.M. 350, 78 P.2d 153; Sundt v. Tobin Quarries, 1946, 50 N.M. 254, 175 P.2d 684, 169 A.L.R. 586.

■ Appellant seeks to have us determine that the drilling of test holes for uranium comes within the contractors' licensing act, and that therefore Latta, not having a contractor's license under the provisions of § 67–16–3, N.M.S.A., 1953 Comp., was barred from recovery under § 67–16–14, N.M.S.A., 1953 Comp. We decline to rule on the question purpounded, because the findings make it sufficiently plain that Latta was an employee, and not an independent contractor. At all times, the right of control of the performance of the work and the right to direct the manner in which the work would be done was in Bokum. This is really the essential element of the relationship of master and servant. See 35 Am.Jur. 445, Master and Servant, § 3. Compare Mendoza v. Gallup Southwestern Coal Co., 1937, 41 N.M. 161, 66 P.2d 426. In addition, the retention of control with respect to the work to be done and the method and plan of the work remained in Bokum. This would negative an independent contractor relationship. Opitz v. Hoertz, 1917, 194 Mich. 626, 161 N.W. 866; Winslow v. Wellington, 1920, 79 N.H. 500, 111 A. 631; and Sullivan v. Dunham, 1898, 35 App.Div. 342, 54 N.Y.S. 962, affirmed on other grounds 1900, 161 N.Y. 290, 55 N.E. 923, 47 L.R.A. 715.

In a case involving somewhat similar facts and construing the same statute, the Circuit Court of Appeals, Tenth Circuit, held that a uranium driller was merely an employee and not barred from maintaining his action for failure to have a contractor's license. Atchison, T. & S. F. R. Co. v. Andrews, 10 Cir., 1954, 211 F.2d 264. If anything, the facts in the instant case are more convincing of an employer-employee relationship than in the Andrews case.

■ Appellant objects because the trial court did not make a finding of fact that

76

Latta was an employee or a servant. Such a finding would have been a conclusion of law, and the trial court was entirely correct in making its findings as to ultimate facts and drawing the conclusion from these findings. Section 21–1–1(52) (B) (a) (2 and 3), N.M.S.A., 1953 Comp. Whether or not a master-servant relationship existed is a legal conclusion, and it would have been improper to have found it as a fact.

Therefore, the lower court having concluded that Latta was an employee, which conclusion we cannot disturb on this appeal, we find that Latta is not barred from maintaining this action, and appellant's contention is without merit.

After the court had rendered its decision in this case, but before judgment was actually entered, Bokum moved to either reopen the case for the taking of additional testimony or to grant a new trial. This motion was made by counsel and, in substance, stated that the witness and codefendant, Jack Garrett, who was not available at the time of trial, had been located and would now be available, and that his testimony might be helpful in arriving at a decision. There was no showing as to what Garrett's testimony might be, nor had there been any earlier attempt to seek a continuance at the time of the original trial because of the absence of the witness.

■ We have many times stated the prerequisites for the granting of a motion for a new trial or to reopen a case, and there is no necessity in restating them here. Such a motion is addressed to the sound discretion of the trial court. See Mitchell v. Forster, 1955, 59 N.M. 226, 282 P.2d 708; Sandoval v. Sandoval, 1956, 61 N.M. 38, 294 P.2d 278; and Morrison v. Rodey, 1959, 65 N.M. 474, 340 P.2d 409.

■ It should suffice to answer the claim that in the absence of a showing of what the testimony might be, the trial court could not tell whether it might have changed the result, whether it was merely cumulative, or whether it was merely impeaching or contradictory. In addition, there was no showing that the evidence, of whatever nature it might have been, had been discovered since the trial, nor that it could not have been discovered before the trial.

It would, therefore, follow that the trial court committed no abuse of discretion in denying the motion, and, therefore, appellant's second contention is without merit.

The judgment will be affirmed; it is so ordered.

McGHEE, C. J., and COMPTON and MOISE, JJ., concur.

CHAVEZ, J., not participating.