MURRAY, APPELLANT, *v.* CONLON ET AL., RESPONDENTS.

[Submitted April 5, 1897.  Decided April 26, 1897.]

*Partition—Attorney's Fees.*

Under section 1391, Code of Civil Procedure, which provides the "costs of partition, including reasonable counsel fee expended by the plaintiff or either of the defendants for the common benefit * * * must be paid by the parties entitled to share in the lands, etc." The services of plaintiff's attorney in preparing the complaint and in conducting the trial should be included in the costs of the action, as they are for the "common benefit "

*Appeal from District Court, Silver Bow County.  J. J. McHatton, Judge.*

. PARTITION suit by James A. Murray against Patrick Conlon and others.  From orders of the court setting aside a fee originally taxed in favor of plaintiff's attorney, in hearing evidence of the value of only such services as were rendered after the decree and judgment were signed, and reducing the fee, plaintiff appeals.  Reversed.

Statement of the case by the justice delivering the opinion.

Suit for the partition of certain realty in the county of Silver Bow.  The complaint alleged that the ownership and possession of the property, which was a mining claim, was productive of great inconvenience to the parties, and particularly to the plaintiff.  The prayer was for a partition according to the respective rights of the parties interested, and for sale in case partition in kind could not be made without great prejudice, and for costs and further relief.  Francis Brooks, Esq., appeared as attorney for certain of the defendants, who were minors, and as guardian *ad litem* for said minors, and demurred to the complaint.  Thereafter, by consent, the demurrer was overruled.  The court thereupon made a formal decree of partition, reciting the overruling of the demurrer by consent, heretofore referred to, and the failure on the part of

other defendants to answer the complaint of plaintiff; and reciting, further, the respective interests of the parties in and to the property involved, and ordering that the mining claim be sold at auction, appointing a referee to conduct the sale, and to do what was necessary for the carrying out of the decree, and directing the referee to make his report to the court for confirmation.   On February 8, 1896, the plaintiff in this suit, through his counsel, applied to the court for an attorney's fee to be allowed to him for services rendered in and about the proceedings for the partition of the property.   An attorney was sworn, who testified that $500 was a reasonable attorney's fee, and thereupon the court made an order taxing an attorney's fee of $400, as costs in the cause.  Subsequently, a bill of costs, including the $400 allowed by the court as an attorney's fee to plaintiff's attorney, was served upon the counsel for the defendants, who had appeared.   Thereafter the referee made his report, and in the costs the referee included the $400 that had been allowed by the court to plaintiff's counsel, and plaintiff applied to the court for an order approving and confirming the referee's report.   The court thereupon, of its own motion, and without objection or motion on behalf of any parties to the action, vacated the order originally made, allowing plaintiff's attorney's fee of $400, and decided that it would allow a reasonable compensation for plaintiff's counsel for services rendered in the cause "for the common benefit of all parties, and determined that the sum of $100 was a reasonable counsel fee for the services rendered for the common benefit of all parties."   Upon this, plaintiff's counsel offered evidence to the effect that all the services rendered were of the reasonable value of $400.   But the court only allowed $100 to be taxed as costs, and limited the allowance for services rendered by plaintiff's counsel after entry of the judgment and decree, the court ruling that such services appeared to it from the evidence to be the only services rendered for the common benefit of all parties, and that all other services appeared to the court from the evidence to have been rendered for the benefit of the plaintiff alone.   The plaintiff's counsel,

having saved his exceptions to the several rulings of the court, appeals to the supreme court from the order of the district court setting aside the attorney's fee originally taxed at $400, and from the order of the court in hearing evidence as to the value of the services of plaintiff's attorney only after the decree and judgment were signed, and from the order of the court reducing plaintiff's attorney's fee to $100.

*Chas. O'Donnell,* for Appellant.

HUNT, J.—Section 1394, Code of Civil Procedure, provides that ''the costs of partition, including reasonable counsel fees expended by the plaintiff or either of the defendants for the common benefit, fees of referees or other disbursements, must be paid by the parties respectively entitled to share in the lands divided in proportion to their respective interests therein, and may be included and specified in the judgment.'' It appears from the record that the learned judge of the district court, in reducing the allowance originally made as a fee to the plaintiff's counsel, was of the opinion that the services rendered by such counsel in preparing the complaint in partition, and in conducting the proceedings had prior to the judgment and decree, acted in behalf of plaintiff alone, and did not perform such services for the common benefit of all parties. But, under the conditions apparent in this case, we think this construction of the statute is incorrect. The plaintiff was obliged to resort to proceedings in partition to effect a division of the property held by him and the defendants. To conduct such proceedings, it was necessary for plaintiff to employ counsel, and the action taken by such counsel, it appears by the decree rendered by the court, was certainly beneficial to all of the defendants, as well as to the plaintiff. We believe that the statute recognizes that proceedings in partition are for the benefit of all parties to the action; and it was for this very reason provided that the parties determined by the court to be entitled to share in the lands divided should be liable for the costs of partition, including reasonable counsel fees expended by the plaintiff or either of the defendants for the

common benefit of all. The object and design of the provision cited from the partition act was to place the parties upon a relative equality as to the necessary expenses in effecting a partition of the common property. (*Appeal of Fidelity Insurance, Trust & Safety-Deposit Co.*, 108 Pa. St. 339.)

We therefore think that it was error for the court to limit an allowance to services performed after entry of judgment and decree, and that compensation should be allowed to appellant for necessary professional services of counsel in conducting the proceedings in partition to a completion for the common benefit of all parties thereto. We do not feel called upon to fix the amount or the fees to be allowed to the plaintiff's counsel. The district court is in a far better position to do so, and it is proper that it should. In doing so, if it appear to the court that it was necessary for their common benefit for defendants to employ counsel to protect their interests, and secure a just partition, there should be allowed, as costs, reasonable counsel fees so expended by defendants, which should be considered in fixing plaintiff's attorney's fees, as in such cases the statute does not contemplate that defendants should pay not only their own counsel, but also be taxed for part of the fees of opposing counsel. (*Kilgour* v. *Crawford*, 51 Ill. 249.) The orders appealed from are reversed, and the cause is remanded to the district court, with directions to allow to the plaintiff, as part of the costs of the partition, reasonable counsel fees expended for the common benefit of all, according to the rule above indicated, and to tax such costs in accordance with the statutes.

*Reversed and Remanded.*

Pemberton, C. J., and Buck, J., concur.