484 P.2d 1264

Frank SULLIVAN and Victor Sullivan,
Plaintiffs-Appellees,

v.

Marianne SULLIVAN, Defendant-Appellant.

No. 9158.

Supreme Court of New Mexico.

May 10, 1971.

Sosa, Garza & Neumeyer, Las Cruces, for defendant-appellant.

Frederick A. Smith, Truth or Consequences, for plaintiffs-appellees.

## OPINION

McMANUS, Justice.

Plaintiffs brought this suit for partition of certain lands under the New Mexico Partition Statutes, §§ 22–13–1 through 22–13–8, N.M.S.A.1953. During the proceedings the trial judge appointed commissioners to report to the court on a partition plan. Their first report was not acted upon by the court, and an amended report was rejected. However, a later, amended report was filed, a hearing held, and the court substantially adopted this report from which defendant appeals.

Defendant alleges error by the trial court in its acceptance of the commissioners' report which categorized the lands involved by descriptive names rather than by

metes and bounds in accordance with § 22–13–6, supra. However, the applicable metes and bounds descriptions were contained in the various pleadings, exhibits, and in the transcript. With such information before it, the court could certainly ascertain the areas under consideration by the popular names used and the documentary references to metes and bounds. Furthermore, there was no objection to the use of area names at the time of the hearing, and the transcript reflects that the parties were quite alert about the particular areas in controversy. See Sandoval v. Sandoval, 61 N.M. 38, 294 P.2d 278 (1956).

■ Error is also alleged in that the report of the commissioners went beyond the instructions of the court and made further recommendations as to sale of the property should the parties be dissatisfied with the suggested partition. There was a full hearing on the commissioners' report, after which the court accepted its basic parts, ignoring its supplement. We do not find error in this facet of the report accepted by the court, as the trial judge omitted those portions of the report on which he made no order and this was within his discretionary powers, without prejudicing either of the parties.

■■ Further error is alleged as to the actual partition of the property involved, and as to the fact that partition was also apparently made of state leased lands. Although the defendant alleges that the partitions ordered by the court were inequitable in that she received lands deficient in water, the record does not sustain such allegation. Study of the commissioners' report and the transcript shows substantial evidence behind the ruling of the court. A report should not be set aside where there is substantial evidence to support it, and ordinarily will not be disturbed where the evidence is conflicting. Purcell v. Purcell, 303 Ky. 478, 198 S.W.2d 43 (1946). There was sufficient and permanent spring water on the property partitioned to the defendant to serve the grazing acreage. The sole fact that there was more water on lands partitioned to plaintiffs does not of itself prove that the partition was "grossly unequal," and the defendant fails to meet her burden of proof in showing such inequity. See Sandoval v. Sandoval, supra.

 Nor do we find error concerning the partition of leased lands. Defendant also asked the court to make partition of the lease property and again by stipulation requested that the commissioners consider division of the federal and state leased land. During the course of the proceedings, it was understood that the commissioners' proposal as to leased lands could be considered only as a recommendation. The defendant did not object to this action at the trial and cannot now complain.

The judgment of the lower court is affirmed.

It is so ordered.

COMPTON, C. J., and STEPHENSON, J., concur.