No. 82-281

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

CONSTANCE A. PALMER, individually and as
Personal Representative of the Estate of
Robert A. Palmer,

Plaintiff and Respondent,

vs.

WILLIAM J. PALMER and MILDRED PALMER,

Defendants and Appellants.

---

Appeal from:  District Court of the Sixth Judicial District,
In and for the County of Park
Honorable Nat Allen, Judge presiding.

Counsel of Record:

For Appellants:

Moore, Rice, O'Connell & Refling, Bozeman, Montana

For Respondent:

Douglas R. Drysdale, Bozeman, Montana

---

Submitted on briefs: October 14, 1982

Decided: January 14, 1983

Filed: JAN 14 1983

_Ethel M. Harrison_
_____
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

This is an appeal from a judgment of the Sixth Judicial District ordering the property owned by the parties be sold and the proceeds distributed.

Constance Palmer, respondent, is the former wife of Robert Palmer, deceased. Robert and his brother, William Palmer, appellant, operated a ranch located on the property at issue. Since the death of Robert, in November 1981, William and his son Brad continued to run the business. After the filing of this action, William quitclaimed his interest to his wife, Mildred Palmer, appellant.

Constance filed a complaint for partition in the District Court alleging that the property owned by Constance and William could not be partitioned and should be sold. William's combined answer and motion requested that Mildred be a party to this action, denied that the property should be sold, requested a partition of the property, and moved for a hearing on the issues. After this hearing was held the District Court found that partition of the real property could not be made without material injury and prejudice to the rights of the parties, ordered that the property be sold and appointed a referee. Mildred and William have appealed this judgment.

The sole issue is whether the District Court erred in ordering the sale of property subject to partition in this issue.

We find no error and affirm.

Section 70-29-202(1), MCA, limits partition by sale and division of proceeds to situations where "the property or any part is so situated that the partition cannot be made

without great prejudice to the owners. . ."

Appellants contend that the evidence adduced is insufficient to support a finding and conclusion that the sale of property is proper. Appellants believe that the evidence supports a contrary determination and refer to testimony by the appraiser to the effect that physical partition of the properties was possible and that the division proposed by appellants was fair.

We have reviewed the record and find substantial credible evidence to support the District Court's findings and conclusions.

Through cross-examination, counsel for respondent exposed several inadequacies in the appellant's proposed division. Those noted by the court in its order and substantiated by the record included restrictions on access, unavailability of water and no provision in the valuation for different uses of the properties.

Presented with conflicting testimony, the District Court thus arrived at the determination that in this instance partition in kind cannot be made without great prejudice to the owners. That determination cannot be set aside unless it is clearly erroneous. Rule 52(a), M.R.Civ.P. It is not. The judgment is affirmed.

Justice

We concur:

Chief Justice