No. 83-218

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

VIOLA A. LAWRENCE,

      Plaintiff and Respondent,

    -vs-

SHARON LEE DONOVAN and VICTORIA
RAE ROSBARSKY,

      Defendants and Appellants.

---

APPEAL FROM:  District Court of the First Judicial District,
                In and for the County of Lewis & Clark,
                The Honorable Gordon R. Bennett, Judge presiding.

COUNSEL OF RECORD:

    For Appellants:

        Carl A. Hatch; Small, Hatch, Doubek & Pyfer,
        Helena, Montana

    For Respondent:

        Galt & Swanberg, Helena, Montana

---

Submitted on Briefs:  September 15, 1983

Decided:  December 8, 1983

Filed: DEC 8 - 1983

*Ethel M. Harrison*
_____
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Sharon Lee Donovan and Victoria Rae Rosbarsky appeal from a decree of the District Court of the First Judicial District, Lewis and Clark County, confirming the partition of certain properties located near Hauser Lake. Sharon Lee Donovan and Victoria Rae Rosbarsky also appeal from an order of the District Court denying their motion to amend the findings of fact and conclusions of law entered by the District Court as to the partition. We affirm the actions of the District Court.

Sharon Lee Donovan, Victoria Rae Rosbarsky and Cleber Amundson are the children of Viola Lawrence and Harry Amundson. Harry Amundson purchased the property which is sought to be partitioned in 1933. Sometime thereafter he married Viola Lawrence and during the course of their marriage it was decided that Harry and Viola would hold the property as tenants in common, with each receiving a one-half interest in the property. Harry Amundson died in April 1972, and approximately one year later, Viola married Mallory Lawrence. Viola and Mallory Lawrence moved into the house that had been built on the property soon after their marriage and were living there at the time of the partition.

According to the terms of Harry Amundson's will, Viola was to receive a life estate in Harry's one-half interest in the property with the remainder interest to go to his children. Shortly after the close of probate, Viola initiated a partition action seeking division of her one-half interest in the property as tenant in common from the one-half interest that had belonged to Harry as tenant in

common and was now subject to the terms of Harry's will. The partition was contested and it was eventually decided in Lawrence v. Donovan (Mont. 1980), 619 P.2d 1183, 37 St.Rep. 1756, that Viola Lawrence had the right to a partition of the property as a tenant in common and the holder of a life estate in the property. Viola Lawrence then moved for an order directing partition of the property and the appointment of a referee to make recommendations to the court concerning partition.

The District Court appointed a referee who partitioned the land into two parcels of approximately equal value, disregarding the value of any improvements upon the land. Of the two parcels, the referee recommended that Viola Lawrence receive Site No. 1, the parcel containing the house and other improvements.

The appellants objected to the referee's report on various grounds and filed their objections with the District Court. The court considered the appellant's objections, but finding them unpersuasive, issued findings of fact and conclusions of law affirming the referee's report and denying the appellant's objections. The appellants then filed a motion to amend the court's findings of fact and conclusions of law. The District Court denied the motion and entered a decree confirming partition.

The following issues are raised on appeal:

1.    Whether the District Court erred in awarding Viola Lawrence that portion of the property containing all of the improvements.

2.    Whether the District Court erred in adopting the referee's valuation of the lands bordering the lakeshore.

3. Whether the District Court erred by failing to consider any mineral potential of the property.

4. Whether the District Court's description of the tracts comprising Site No. 1 and Site No. 2 are in error.

5. Whether the District Court erred in assessing 50 percent of the surveyor fees, referee fees, and other costs of partition to the defendants as holders of the remainder interest.

ALLOTMENT OF THE PROPERTY CONTAINING ALL IMPROVEMENTS

The appellants contend that when the referee attempted to divide the land without considering the value of the improvements upon them, he committed an error in equity. They further contend that the District Court compounded that error by following the referee's recommendation without recognizing in some way that the children should be compensated for their remainder interest in the improvements which were present upon the land at the time of Harry Amundson's death.

Section 70-29-207, MCA, sets forth the manner in which the referee should allot shares when partitioning land as follows:

> "70-29-207. Allotment of shares of land
> --improvements. In all cases the court shall
> direct the referees, in making partition of land,
> to allot the share of each of the parties owning an
> interest in the whole or in any part of the
> premises sought to be partitioned and to locate the
> share of each cotenant so as to embrace as far as
> practicable the improvements made by such cotenant
> upon the property, and the value of the
> improvements made by the tenants in common must be
> excluded from the valuation in making allotments,
> and the land must be valued without regard to such
> improvements, in case the same can be done without
> material injury to the rights and interests of the
> other tenants in common owning such land."

From this, it is apparent that the referee properly excluded the improvements in appraising the property, and

- 4 -

that he properly included the improvements in allocating the two parcels between the parties. Although the appellants may have a remainder interest in the improvements that were in existence on the property at the time of Harry Amundson's death, the terms of the statute direct the referee to locate each cotenant's share so as to embrace the improvements attributable to that cotenant only "as far as practicable." Because the improvements made by Viola Lawrence were placed near the house and Viola and her husband were living in the house, it was practicable to allot Site No. 1 to Viola Lawrence rather than to the children.

THE VALUE OF THE PROPERTY BORDERING THE LAKESHORE

The appellants contend that the referee undervalued a certain piece of lakeshore property awarded to Viola Lawrence. The referee placed a value of approximately $7,500 on the 4.2 acre tract in question. However, the appellants contend that because they have received an offer of $24,500 for the tract if title can be conveyed fee simple, the valuation of the referee is obviously in error.

The rule laid down by this Court in In re Moran's Estate (1954), 128 Mont. 189, 195, 273 P.2d 671, has bearing on this case:

> "It is a well settled rule that where a partition has been made by commissioners, the court interferes with their action with reluctance. It is only where a clear mistake has been made that their proceedings will be interfered with. Cooper v. Long, 115 Okl. 286, 244 Pac. 167, 46 A. L. R. 343.

> "Ordinarily where the commissioners have arrived at a value and there is a showing that other persons think the property is of a higher value, the presumption is that the commissioners have acted fairly and honestly and the presumption must obtain unless overthrown by a clear preponderance of the evidence. See Aldrich v. Aldrich, 75 S. C. 369, 55 S. E. 887, 117 Am. St. Rep. 909."

Here, as in Moran, the appellants must present sufficient evidence to overcome the presumption that the value of the property was arrived at fairly and honestly. The $24,500 offer presented by the appellants was dependent on the transfer of a fee simple title. However, no present fee simple title could be transferred by reason of Viola Lawrence's life estate in the property. Therefore, the presumption has not been overcome and the value of the property arrived at by the referee will be presumed to be the correct valuation of the property.

CONSIDERATION OF MINERAL POTENTIAL

The appellants contend that the referee should have considered the mineral potential of the property because of the proximity of the sapphire mine located on the Wesley Castle property to the southeast boundary of Site No. 1.

However the District Court, after considering all of the evidence, found "that the evidence introduced fails to establish that there are valuable mineral deposits which should receive consideration in the partition of the subject property." We have reviewed the record and are in agreement with the District Court. The mere assertion of a mineral potential, without more, cannot render the finding of the District Court clearly erroneous.

THE DISTRICT COURT'S DESCRIPTION OF THE PARTITIONED LAND

Both parties agree that there are discrepancies between the amount of acreage partitioned by the referee in his report and the amount of acreage awarded by the District Court in its decree confirming partition.

The referee in his report lists the total amount of acreage to be partitioned as 216.6 acres. Of this, 122.5 acres were placed in Site No. 1 with a total value of

$127,420, and the remaining 94.10 acres were placed into Site No. 2 with a total value of $127,690. When the total number of acres awarded by the District Court is calculated the result is that 156.4 acres are contained in Site No. 1 and 97.15 acres are contained in Site No. 2. This is a difference from the referee's totals of 34 acres and 3.05 acres, respectively. There must be a remand for correction of the land descriptions.

THE ASSESSMENT OF PARTITION COSTS

The appellants contend that all of the costs of partition must be borne by Viola Lawrence because she alone will benefit from the partition.

Section 70-29-218 sets forth the manner in which the costs of partition shall be apportioned among the parties as follows:

> "70-29-218. Costs of partition--apportionment among parties--lien. The costs of partition, including reasonable counsel fees, expended by the plaintiff or either of the defendants for the common benefit, fees of referees, or other disbursements must be paid by the parties respectively entitled to share in the lands divided, in proportion to their respective interests therein, and may be included and specified in the judgment. In that case, they shall be a lien on the several shares and the judgment may be enforced by execution against such shares and against other property held by the respective parties. When, however, litigation arises between some of the parties only, the court may require the expense of such litigation to be paid by the parties thereto or any of them." (sic)

It is difficult to conclude that only Viola Lawrence will be benefited by the partition of the property. First, Site No. 2 is in effect set aside for the appellant's future use with the life tenant bearing the burden of making necessary repairs and paying taxes upon the land until the life estate is terminated. Section 70-16-103, MCA. Second, future arguments over which portion of the property is

subject to the remainder interest are eliminated and if Viola Lawrence's fee interest should be sold or mortgaged the boundaries of the property will be clearly established. From this, it is clear that Viola Lawrence will not be the only beneficiary of the partition. The District Court followed the statute in apportioning the costs of partition.

Therefore, the District Court is affirmed in all respects except for the description of the parcels, and the cause is remanded solely for the purpose of correcting the descriptions of the lands constituting Site No. 1 and Site No. 2.

_____
John L. Shelby
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices