No. 84-171

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

BRETA O. KRAVIK,

                Plaintiff and Appellant,

    -vs-

YVONNE B. LEWIS, MARY BENEPE,
et al.,
                Defendants and Respondents.

APPEAL FROM:  District Court of the Eighteenth Judicial District
              In and for the County of Gallatin,
              The Honorable Thomas Olson, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            McKinley Anderson, Bozeman, Montana

        For Respondent:

            Landoe, Brown Law Firm, Bozeman, Montana
            Berg, Coil, Stokes & Tollefsen, Bozeman, Montana

                            Submitted on Brief:  Sept. 26, 1984

                                 Decided:  December 4, 1984

Filed: DEC 04 1984

*Ethel M. Harrison*
_____
                Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

This appeal is from a judgment of the Gallatin County District Court following a suit for partition. The District Court awarded defendants certain stock, representing a water right, in the West Gallatin Canal Company and Breta Kravik appeals.

Appellant Kravik originally filed her partition suit in Gallatin County District Court on January 12, 1981. Mrs. Kravik and the respondents had previously inherited a 320-acre tract of land south of Bozeman, Montana. This estate of inheritance, commonly known as the Benepe place, constituted the western half of Section 27, Township two south, Range five east, M.P.M., Gallatin County. In addition to the real property, the estate included appurtenant water rights: two shares in the Middle Creek Ditch Company and one-half share in the West Gallatin Canal Company. See appendix.

The undivided interests of the cotenant devisees were as follows:

Raymond H. Kittle, Trustee . . . 1/2
Breta O. Kravik. . . . . . . . . 1/4
Mary Benepe Schoenbach . . . . . 1/16
Yvonne B. Lewis. . . . . . . . . 1/16
Bruce J. Kittle. . . . . . . . . 1/16
Raymond H. Kittle. . . . . . . . 1/16

None of the cotenants resided on the property; they retained Charles Vandenhook as a ranch manager. Vandenhook supervised the several farmers who actively worked the property.

On Vandenhook's suggestion, Breta Kravik initiated the partition action in 1981. Kravik was represented in the action by McKinley Anderson. Vandenhook worked towards reaching an amicable settlement between the parties. By mid-1982, the cotenants tentatively agreed on a division of

2

parcels and water company stock. The appendix to this opinion indicates this distribution of parcels which was eventually finalized.

The parties further agreed that the two shares of the Middle Creek Ditch Company should be divided among the cotentants in direct proportion to their undivided interest in the estate of inheritance. Thus the Middle Creek water was allocated:

Raymond H. Kittle, Trustee . 1 share
Breta O. Kravik. . . . . . . 1/2 share
Mary Benepe Schoenbach . . . 1/8 share
Yvonne B. Lewis. . . . . . . 1/8 share
Bruce J. Kittle. . . . . . . 1/8 share
Raymond H. Kittle. . . . . . 1/8 share

Conflict and the present controversy arose over the one-half share of West Gallatin water. Negotiations broke down in the summer of 1981 when Breta Kravik refused to relinquish her rights to this water. At this time it was the parties' belief that the West Gallatin Canal Company could not further fractionalize the one-half share. Kravik's partition complaint made no mention about any of the appurtenant water rights. Defendants' answer filed March 10, 1983, described these rights for the first time and alleged that plaintiff had refused to agree on an equitable division of such water rights.

At a pretrial conference September 15, 1983, the parties agreed that the land and the Middle Creek water would be divided as previously described. A pretrial order signed by counsel for the parties stated that the parties were "not in agreement on the division of West Gallatin Canal Company; and that the West Gallatin Canal Company would not divide shares into less than 1/2 share."

3

Reviewing these facts, we note that before the parties ever entered the courtroom in this suit for partition, the balance of the property was divided by settlement. Ironically the only remaining contested property was a half share in a water company that was stipulated as being indivisible. The parties further stipulated that the defendants Mary Schoenbach and Yvonne Lewis gave up their interest in the West Gallatin water and were not liable for any attorney fees in the action.

In the course of the nonjury trial held December 16, 1983, testimony was given by the plaintiff, the farmers who leased the land and the ranch manager. Witnesses for both sides agreed that the only water available to irrigate a certain 13.4-acre parcel in the southwest quarter of Section 27 was from the West Gallatin canal. The topography of the Benepe place and the established gravity flow of the water canals precludes the use of Middle Creek water on this parcel. For purposes of reference only, this parcel is labeled the "dry parcel" in the appended diagram. Witnesses for the defendants testified that the full amount of the one-half share of water, approximately fifty miner's inches, was required to build enough head in the diversion ditch leading away from the canal to reach all the dry parcel.

The evidence further established that the West Gallatin water was used to supplement Middle Creek water in the irrigation of the plaintiff's parcel in the northwest quarter of Section 27. The farmer accomplished this by pumping water out of the West Gallatin canal where it crosses the Middle Creek ditch. The Middle Creek water passes over the Gallatin canal via a pipe. The pumped water is dumped into the Middle Creek ditch where it flows north to the Kravik parcel and a

4

sprinkler system.  The tenant farmer used West Gallatin or Middle Creek water depending on the relative quantity available.

The trial court filed findings of fact and conclusions of law February 7, 1984.  These findings reflect the testimony summarized above.  The court concluded that the defendants Kittles would receive the one-half share in the West Gallatin Canal.  The parties were ordered to bear their own attorney fees.

Kravik has appealed, raising the following issues:

1.  Did the District Court err by awarding the defendants the one-half share in the West Gallatin Canal Company?

2.  Assuming the water right was properly awarded to defendants, was the plaintiff entitled to compensation?

3.  Was the plaintiff entitled to attorney fees for bringing the partition action?

4.  Are the findings of fact and conclusions of law ambiguous and in error?


I

The standard of review this Court employs in reviewing a nonjury civil action is clear.  Findings of fact are not set aside unless clearly erroneous.  Rule 52(a), M.R.Civ.P. This standard was recently enunciated specifically in regard to a partition suit.  See Palmer v. Palmer (Mont. 1983), 657 P.2d 92, 40 St.Rep. 21. The practical effect of this standard is that this Court will not substitute its judgment for the trier of facts.  Our function is confined to determining whether there is substantial credible evidence to support the court's findings.  We view the evidence in a light most favorable to the prevailing party, recognizing that

5

substantial evidence may conflict with other evidence and still support the findings. Lacey v. Herndon (Mont. 1983), 668 P.2d 251, 255, 40 St.Rep. 1375, 1380.

Appellant attacks the basic fairness of the court's decision awarding the West Gallatin water to the defendants. It is argued that all Breta Kravik desired was to have her name left on the stock certificate so her tenant farmer could continue to use West Gallatin water when needed. The proposed findings of fact her attorney submitted to the court requested that she retain an undivided one-third interest in the one-half share along with Raymond Kittle and Bruce Kittle. Error is claimed by the trial court's failure to recognize in findings of fact testimony that the water had been cooperatively used in the past and could be so used in the future.

This argument sounds discordant in a partition proceeding. Such an action has been traditionally recognized as a means by which cotenants, unwilling and incapable of managing property jointly, sever their interests and exercise independent control over the resulting parcels.

The equity of this proceeding must be examined in its entirety. A half section of farmland has been partitioned such that each cotenant has received his or her correct share of the estate of inheritance. Each party has received legal rights to water such that tillable acreage may be irrigated. The fact that one party may have received less water than it started with does not make the partition inequitable. See Sullivan v. Sullivan (1971), 82 N.M. 554, 484 P.2d 1264 (fact that lands partitioned to the plaintiff had more water did not render the partition inequitable where there was suffi-

6

cient and permanent water on the property partitioned to defendant to serve the grazing acreage).

The record reflects that the Kravik parcel has been awarded sufficient water for irrigation. The farmer's practice of commingling Gallatin and Middle Creek water was one of convenience more than necessity. While the plaintiff Kravik alleged a need to draw Gallatin water during a dry summer in 1980, this testimony was not supported by any other witness. Numerous farmers who lived on and worked the land for decades stated it was unusual for the canal flows to reach a level where water rights were actually limited by the ditch walker. In any case, the parcel most in need of the West Gallatin water was the "dry parcel," previously referred to, in the southwest quarter of Section 27.

This brings us to a second consideration concerning the equity of this partition. Partitions should be fashioned to cause the least degree of harm to the cotenants and to confer no unfair advantage on any one cotenant. Prior use by one cotenant cannot be given greater weight than any other consideration in fashioning the partition. Gillmor v. Gillmor (Utah 1982), 657 P.2d 736. This adage is particularly true here, where the parcel afforded plaintiff historically used West Gallatin water, but following partition, the "dry parcel" in the southwest quarter is more in need of this water--such land being incapable of being irrigated by Middle Creek water without resort to an expensive sprinkler system.

For the foregoing reasons, we hold that the partition of the property and appurtenant water rights was based on substantial credible evidence and resulted in an equitable division of the Benepe place among the cotenants.

7

In lieu of an award of the West Gallatin water right, appellant alternatively requests compensation for the loss of the water right. We recognize that there is a statutory and common law basis for such compensation.

Section 70-29-209, MCA, provides that a court may adjudge compensation to be made by one party to another when it appears that a partition cannot be made equal between the parties. The statute recognizes the power of the court to make compensatory adjustment under ordinary principles of equity. This equitable practice in partition proceedings is known as the doctrine of owelty. See Chesmore v. Chesmore (Okla. 1971), 484 P.2d 516.

A basic premise of owelty is that there be inequality. The equalization of a partition by the award of owelty should not be resorted to where it is possible to make a fair and equitable division without it. The use of the word "may" in section 70-29-209, MCA, reflects the discretionary nature of this role of the trial court.

In the present case there is no inequality to warrant compensation. As previously discussed, the cotenants to the estate of inheritance each received sufficient water for their respective parcels.

Furthermore, this issue was never raised in the pleadings or at trial. Counsel lost his bid for the West Gallatin water at trial and raises owelty as a new theory before this Court. An appellate court is not a proper forum for testing alternative or overlooked theories of recovery.

As a third issue, appellant claims the District Court erred in denying attorney fees. The partition statutes expressly allow the award of such fees providing certain conditions are met. See section 70-29-218, MCA. The reason for this statutory exception is that counsel in a partition proceeding often incurs expenses that benefit all the cotenants. A partition, whether it is amicable or adversarial, results in the cotenant's clear title and unfettered ownership. Therefore, when costs are incurred by one party that serve the common benefit, the statute allows the expense to be divided in proportion to the parties' interests. A recent decision of this Court as well as an ancient decision recognize this practice. Lawrence v. Donovan (Mont. 1983), 673 P.2d 130, 40 St.Rep. 1944; Murray v. Conlon (1897), 19 Mont. 389, 48 P. 743.

In addressing this issue, we must look at the nature of the services rendered by appellant's attorney. The original complaint filed in January 1981 made no mention of the disputed water rights. Only land was sought to be partitioned. The ranch manager, Charles Vandenhook, actively sought an amicable settlement of the partition. To a large extent he succeeded, and in July 1981 the parties agreed on a division concerning all the property and appurtenant rights excepting the West Gallatin water. Kravik objected to this part of the division.

The defendants first mentioned the disputed water share in their answer filed in March 1983. When the partition suit proceeded to trial, plaintiff's counsel argued for cooperative and joint use of the West Gallatin water. As discussed,

counsel has alternatively requested compensation before this Court.

Fees expended by plaintiff's counsel are largely attributable to the controversy over the water right. As noted, the balance of the partition was accomplished by Charles Vandenhook acting directly with the cotenants. Plaintiff's counsel litigated in an attempt to clear Kravik's title to an undivided interest in the water company. The work was performed only on behalf of the individual client. Therefore, we find that the services were not performed for the common benefit of the parties and are not subject to apportionment under section 70-29-218, MCA. See Williams v. Miranda (1958), 159 Cal.App.2d 143, 323 P.2d 794 (where the plaintiff's action was purported to be one of partition but was subsequently determined to be a proceeding to establish the plaintiff's ownership of an undivided one-half interest in trust property, attorney services were for the interest of plaintiff alone and not for the common benefit).

Appellant has relied on this Court's 1897 decision of Murray, supra, where it was stated that "the statute [predecessor to section 70-29-218, MCA] recognizes that proceedings in partition are for the common benefit of all parties to the action. . ." 48 P. at 744. While it may have been possible in the nineteenth century to broadly generalize about partition proceedings, such is not the case today. Nonetheless, Murray is immediately distinguishable: the Silver Bow mining claim at issue there was sold and the proceeds distributed because coownership of the claim was "productive of great inconvenience to the parties, and particularly the plaintiff." 48 P. at 743. In other words, it was a true partition action, a far cry from the case at bar which began with

a complaint for partition and ended with a plea for cooperative use.

IV

As a final matter appellant points to a claimed error in the lower court's conclusion of law. Conclusion of law no. 1 provides that the West Gallatin water is awarded to the defendants Kittles and shall be appurtenant to the southwest quarter of Section 27. Appellant correctly notes that Bruce Kittle and Raymond Kittle received as individuals the north one-half of the southwest quarter of the northwest quarter of Section 27 and the south one-half of the southwest quarter of the northwest quarter of Section 27 respectively. Raymond Kittle, as trustee, received the southwest quarter of Section 27. See appendix. Appellant argues that the ambiguity in the judgment requires a new trial.

Where findings and conclusions adopted by the trial court are supported by the evidence and are sufficiently comprehensive and pertinent to the issues to provide a basis for decision, their adoption will not provide grounds for reversal. Matos v. Rohrer (Mont. 1983), 661 P.2d 443, 450, 40 St.Rep. 366, 375. Although there is technical merit in appellant's argument, the discrepancy does not merit a new trial or affect our decision.

We do, however, remand this cause for clarification as our review has uncovered a further inconsistency. Findings of fact nos. 7 and 8 grant Yvonne Lewis and Mary Benepe Schoenbach the northern and southern half respectively of the northwest quarter of the northwest quarter of Section 27. This language contradicts finding of fact no. 5, the pretrial order dated September 15, 1983, stipulation for entry of

11

judgment dated December 16, 1983, and the judgment pursuant to stipulation also dated December 16, 1983. Those documents indicate the opposite result, which is diagrammed in the appendix. There must be a remand for clarification of the award of land parcels. At this time, the District Court will have the opportunity to clarify the award of the West Gallatin water right.

The District Court is affirmed in all respects except for the discrepancies described above. The cause is remanded solely for the purpose of correcting the findings of fact and conclusions of law. Such corrections will not affect our decision.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

12



SCHOENBACH

LEWIS

BRUCE KITTLE

RAYMOND KITTLE

KRAVIK

Creek Ditch

27

Middle

RAYMOND KITTLE, TRUSTEE

dry parcel

Company Canal

West Gallatin

APPENDIX

SECTION 27

N