No. **91-162**

IN THE SUPREME COURT OF THE STATE OF MONTANA

**1991**

FRANK DeHAAN, INC., FRANK DeHAAN and VERA DeHAAN,

    Plaintiff and Respondent,

-vs-

GALLATIN-MADISON RANCH CO., MAE DeHAAN and HENRY DeHAAN,

    Defendants and Appellants.

FILED
NOV -5 1991
Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Larry W. Moran, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

        H. A. Bolinger, Bolinger & Quist, Bozeman, Montana.

    For Respondent:

        Edmund P. Sedivy, Jr., Morrow, Sedivy & Bennett,
Bozeman, Montana.


            Submitted on briefs:  September 19, **1991**

                    Decided:  November 5, 1991

Filed:

_____
               Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

Gallatin Madison Ranch Company, Inc., Henry DeHaan and Mae DeHaan appeal the judgment of the Eighteenth Judicial District of Gallatin County in a suit for partition. The court found the subject property capable of partition, adopted the report of appointed referees and divided the DeHaan ranch. We affirm.

The appellant raises eleven issues for review. For the purpose of our discussion we have consolidated the issues as follows.

I. Did the District Court err in finding that the property could be equitably divided without great prejudice to the owners?

11. Did the District Court err by adopting the report of the referees?

111. Did the District Court err by allocating property to Mae DeHaan and Gallatin Madison Ranch Company, Inc. as tenants in common rather than providing each an individual share?

IV. Did the District Court err by denying a motion to order an accounting and distribution of partnership property?

Frank DeHaan, Inc. (plaintiff/respondent) initiated an action to partition property basically controlled jointly by Frank DeHaan and his brother Henry DeHaan, by virtue of respective family corporations. The property consists of approximately 17,575 deeded acres acquired by the brothers in eight separate purchases over a period of years. The majority of the land was purchased in the name of Henry DeHaan and Frank DeHaan. Several sections (known as Lower Big Pasture and White Place) were purchased in the names of Mae

DeHaan and Vera DeHaan (Henry's and Frank's wives).

In 1973, Henry and Mae DeHaan deeded their undivided interests in the 'DeHaan Ranch' to a family corporation known as Gallatin Madison Ranch Company, Inc. (G.M.R.C.). Mae's interest in Lower Big Pasture and White Place were omitted from the corporation. In 1981, Frank and Vera DeHaan transferred <u>all</u> of their individual interests into a family corporation known as "Frank DeHaan, Inc.". The court determined that Frank DeHaan, Inc., Frank DeHaan and his family (hereinafter Frank) were owners and entitled to one-half of the subject property. G.M.R.C., Henry DeHaan, his family and Mae DeHaan (hereinafter Henry) were found to be owners of the other half. No separate distinction was granted Lower Big Pasture or White Place.

Frank, with Henry's approval, hired N. Clark Wheeler to prepare an appraisal. Frank made an offer to Henry for partition but an argument ensued over whether the land was in fact divisible or should be sold in its entirety with the proceeds divided. Frank then initiated this action.

An evidentiary hearing was held and the court determined that the property was subject to equitable division between the parties and ordered that the property be partitioned. Three referees were appointed: one nominated by Frank, one nominated by Henry, and the third nominated by the first two. The court gave the referees instructions designed to aide them in fulfilling the mandates of the partition statutes. The propriety of several instructions is in dispute. After some difficulty, relating to the referees' attempt to appease both parties, the referees produced a report and

recommendation for partition that was adopted by the court. Henry appeals.

I.

Section 70-29-202, MCA, provides the basis for a court's determination of whether property is suitable for partition or must be sold.

> [If] property or any part is so situated that the partition cannot be made without great prejudice to the owners, the court may order a sale thereof; otherwise, upon the requisite proofs being made, it must order a partition...

In February, 1990, the court ordered partition, finding the property subject to partition pursuant to § 70-29-202, MCA. In the court's findings of fact dated December 11, 1990, the court found that "all expert witnesses felt then the properties could be equitably divided without great prejudice to the owners."

Henry contends that a review of the record demonstrates that the expert testimony is contrary to the court's finding that the ranch can withstand partition without great prejudice. Henry specifically cites the testimony of the appraiser, Wheeler, who stated that it was his belief that the land could be divided on a value basis but maybe not on a use basis. It is Henry's contention throughout that if property cannot be divided on a use basis it cannot be divided without great prejudice. Henry's prayer for relief is to have this Court order the ranch sold and profits divided. He suggests that the sale and division of the property (which we note would be entirely value based) would not be prejudicial, while simultaneously he suggests that partition on a

4

value basis is prejudicial. We find Henry's argument to be inherently contradictory and not reflective of the law.

The applicable standard of review of the trial court's findings in determining whether to sell or partition is the clearly erroneous standard of Rule 52(a), M.R.Civ.P. Kravik v. Lewis, (1984), 213 Mont 448, 691 P.2d 1373. "[A] finding is 'clearly erroneous' when, although there is evidence to support it, a review of the record leaves the court with the definite and firm conviction that a mistake has been committed." U.S. v. U.S. Gypsum Co. (1948), 68 S.Ct. 525, *333* U.S. 364, 92 L.Ed. 746. The evidence is undisputed that the ranch was purchased in many separate parcels over a period of many years. Furthermore, it is Wheeler's testimony that the property is likely to have greater market value if sold piecemeal rather than as a single ranch. A second expert, a realtor, also testified that the property could be divided on an equitable basis. We conclude the District Court's findings were not clearly erroneous. The order of the District Court to partition the subject property is affirmed.

## II.

A presumption exists that the referees' conclusions are arrived at in a fair and honest manner. Lawrence v. Donovan (1983), 207 Mont. 130, 673 P.2d 130. The report of the referees is to be rejected only for reasons that would justify the reversal of a jury's verdict. Ivins v. Hardy, et.al. (1950), 123 Mont. 513, 217 P.2d 204. In other words, if there is substantial evidence to support the referees' report, it is to be confirmed by the court.

5

Henry argues that the property was not partitioned under the principles established by the legislature. Specifically, he alleges that the referees used a "needs and wishes" standard rather than the requisite quality and quantity standard required by § 70-29-205, **MCA.** Furthermore, Henry alleges that the referees failed to consider improvements in reaching their conclusion. Lastly, he contends that the referees' meetings with the parties were improper.

Section 70-29-205, **MCA,** provides the basis for which referees are to partition property. They are to

> ...divide the property and allot the several portions thereof to the respective parties, quality and quantity relatively considered, according to the respective rights of the parties as determined by the court, ...

In its instructions to the referees the court elaborated as follows:

> **2.** In allotting the portions of property to the parties in accordance to their respective interests, you should consider the quantity and quality of the property allocated according to the rights of the parties. This does not mean that you must give each of the parties the same amount of each kind of property. However, both the plaintiff and the defendants are entitled to receive properties of a value equivalent to the respective rights of each.

Substantial evidence exists that the referees followed the instruction as provided above. The appraisal on which the referees relied heavily was based on a breakdown of the land according to quality and quantity. Testimony of the referees indicates an adherence to the instruction as provided.

The record indicates that the referees initially attempted to meet the needs and wishes of the parties but found it impossible.

6

That they attempted is not error. We have said that "partitions should be fashioned to cause the least degree of harm to the co-tenants and to confer no unfair advantage on any one cotenant." Kravik v. Lewis at 454. Interviewing the parties was a viable approach to fashioning a partition 'least harmful' to the parties, and interviewing the parties was included as an option in the court's instructions and is not precluded by law.

Section 70-29-207, MCA, provides that in partition suits, the court is to direct the referees to include "as far as practicable" the improvements on the property sought to be partitioned. The referees were instructed by the court to consider improvements but not to consider whether any of the improvements were made by a specific party.

The referees relied on the Wheeler appraisal which the record indicates incorporated the value of improvements into the value attributed to the various sections of land. The court found that the referees did consider the value of the improvements by using the Wheeler appraisal and offered a remedy (a motion to hear evidence) to any party who felt that individual improvements required further consideration. No motion was filed. We find that the value of improvements was properly considered by the referees and reviewed by the District Court.

Henry raises two additional issues in regards to the improvements. First, Henry finds error in the court's failure to inform the referees that a steel building erected by Frank, which by request had been omitted from the Wheeler appraisal, was not

jointly held. The court provided adequate procedure for the consideration of individual improvements as discussed above and there was no error.

Second, a list of all improvements allegedly made by Frank was offered and denied admission into evidence. Despite that denial, it appears the referees had opportunity to review the document by its having been included with other documents. Henry argues that this constituted prejudicial error. Assuming that the referees did see the document, we find that the substantial rights of the parties were not affected and therefore hold the error harmless. Rule 61, M.R.Civ.P. The referees did not consider the improvements separately, instead they were incorporated into a section by section analysis and divided equally.

The decision of the District Court to adopt and confirm the report of the referees is affirmed.

### III.

The law mandates that every person having an undivided share in the property must be a party in an action for partition. § 70-29-104, MCA. A party with an undivided interest has a right to have that part set off in severalty. Lawrence v. Donovan, (1980), 190 Mont. 150, 619 P.2d 1183. We do not find the court to have interfered with the right to set off in this case.

The court utilized § 70-29-204, MCA, which provides:

> Whenever from any cause it is in the opinion of the court impracticable or highly inconvenient to make a complete partition in the first instance among all the parties in interest, the court may first ascertain and determine the shares or interests respectively held by the original cotenants and thereupon adjudge and cause a partition to

be made as if such original cotenants were the parties and sole parties in interest and the only parties to the action and thereafter may proceed in like manner to adjudge and make partition separately of each share or portion so ascertained and allotted, as between those claiming under the original tenant to whom the same shall have been so set apart, or may allow them to remain tenants in common thereof, as they may desire.

Henry contends that this section is inapplicable because his corporation, Gallatin Madison Ranch Company, and Mae, Henry's wife, were never cotenants of Lower Big Pasture or White Place. It is Frank DeHaan, Inc. and Mae who were cotenants while G.M.R.C. owned no interest at all. Henry alleges that the court abused its discretion when it allocated Lower Big Pasture and White Place to Mae DeHaan and his corporation as tenants in common.

We understand Henry's argument to suggest that § 70-29-204, MCA, applies only when there is actually joint ownership between the parties whose interests are considered collectively. Because Mae DeHaan and G.M.R.C. do not have joint ownership of Lower Big Pasture and White Place, the court allegedly abused its discretion by invoking § 70-29-204, MCA. The inference drawn from this interpretation is that because Frank DeHaan, Inc. and Mae DeHaan are cotenants, § 70-29-204, MCA, could only be properly invoked by considering their interests collectively and not by considering Henry's corporation, G.M.R.C. and Mae DeHaan interests collectively.

We find technical merit in Henry's argument; however, it would have been highly impracticable for the referees and the court to have partitioned in the fashion that Henry's reading of the statute prescribes. Lower Big Pasture and White Place are included in

9

Henry's share.  The court clearly included Mae's individually held interests collectively with Henry's corporation.  The result is that Lower Big Pasture and White Place are owned as tenants in common by Henry and Mae.  Mae maintains her one-half interest in these parcels and no inequity arises.

The court, consistent with § 70-29-204, MCA., provided opportunity to have shares, considered collectively, set apart. Conclusion of Law #2 states that:

> The Defendants shall have the opportunity to allocate the various assets as between themselves and report back to the Court within fifteen (15) days from date hereof. Otherwise, this Court will allocate the properties as tenants in common.

Henry did not seek to allocate his and Mae's assets separately. Furthermore, both remain free to bring an action in partition to set apart their respective shares.  We find the District Court's application of § 70-29-204, MCA, to be appropriate and thereby affirm.

IV.

The District Court refused a motion to provide an accounting and distribution of the partnership personal property. Henry designated as an affirmative defense, "That in addition to the real property the parties are equally the owners of cattle, irrigation and farming equipment, grain storing facilities which should likewise be ordered sold and the monies equally divided between the parties hereto."  Henry argues that if the request was improperly pleaded, the court still should have construed it as proper under Rule 8(c), M.R.Civ.P.  Furthermore, Henry contends that partnership

10

accounting is prerequisite and essential to the partition of real estate.

We find it unnecessary to review the proper application of Rule 8(c), M.R.Civ.P. We find no authority demanding its application nor do we find that prejudice incurred as a result of the District court refusing to combine the actions. Both parties remain free to bring an action for accounting and distribution of partnership assets. The decision of the District Court to deny combining the actions is affirmed.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

11

November 5, 1991

## CERTIFICATE OF SERVICE

I hereby certify that the following order **was** sent by United States mail, prepaid, to the following named:

H. A. BOLINGER
Bolinger & Quist
302 First Bank Building
P.O. Box 1047
Bozeman, MT 59715

Edmund P. Sedivy, Jr.
MORROW, SEDIW & BENNETT, P.C.
P.O. Box 1168
Bozeman, MT 59715

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY _____
       Deputy